UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEAN CARLOS MATAMOROS PARRALES et al.,<br><br>     Plaintiffs,<br><br>  -against-<br><br>PIKASSO EMPANADAS Y MAS INC. et al.,<br>     Defendants. | 25-cv-8009 (AS)<br><br>MEMORANDUM OPINION<br>AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

This action was brought pursuant to the New York State Labor Law and the Fair Labor Standards Act (FLSA). The parties advised the Court that they agreed to a settlement regarding the FLSA claims and submitted the executed settlement agreement and memorandum of law addressing why the settlement should be approved. Dkts. 21, 21-1.

The FLSA settlement's key terms are a release by plaintiffs Jean Carlos Matamoros Parrales and Lismerli Mercedes Tavares Sanchez of any claims against defendants related to this case in exchange for a payment of $40,000, $14,010.66 of which will be paid to plaintiffs' counsel for costs and attorneys' fees. Dkt. 21-1. The agreement does not contain a general confidentiality provision or a general release. *Id.*

## LEGAL STANDARDS

In *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Second Circuit "held that parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020).

When evaluating the fairness of a settlement agreement, district courts consider the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). These factors include "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* at 335 (internal quotations omitted). "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher*, 948 F.3d at 600.

**DISCUSSION**

The Court has reviewed the motion, settlement agreement, damages calculations, billing records, and invoices. The Court has considered the factors set forth in *Wolinsky* and determines that the settlement and attorneys' fees and costs are fair and reasonable.

I.      <u>Settlement</u>

First, as to the possible range of recovery, plaintiffs claim that their total recoverable amount is $22,112, not including statutory penalties, liquidated damages, or other monetary relief that they may have been entitled to under the applicable laws. Dkt. 21 at 3. After attorneys' fees and costs, plaintiffs will receive $25,989.34. The Court finds that this amount is fair and reasonable. *See Zorn-Hill v. A2B Taxi LLC*, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (approving settlement of approximately 25% of alleged damages and noting that "[s]everal courts have approved settlements that provide around one-quarter or one-third of total alleged damages").

Second, this case is approaching trial. A settlement at this stage will both avoid the incurrence of additional trial expenses and any litigation risk that plaintiffs face in pursuing their claims at trial. *See Santos v. YMY Mgmt. Corp.*, 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) ("In light of … the seriousness of the litigation risks, and the burdens of establishing each party's case at trial, the Court finds that the proposed settlement amount is fair and reasonable.").

Third, "the settlement was a product of litigation, where both sides were represented by counsel." *Meigel v. Flowers of the World, NYC, Inc.*, 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id.* (quoting *Johnson v. Brennan,* 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011)).

Finally, nothing suggests that the proposed settlement is tainted by "fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335. And although the FLSA places "strict limits on an employee's ability to waive claims for fear that employers would otherwise coerce employees into settlement and waiver," *id.* at 335 (cleaned up), these concerns are not as relevant because plaintiffs no longer work for defendants, *see, e.g.*, *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (noting that plaintiffs are "no longer employees of the defendants," which "reduc[es] the danger that the release was obtained through improper job-related pressure").

II.     <u>Attorneys' Fees and Costs</u>

Plaintiffs seek approval of $12,994.66 in attorneys' fees and $1,016 in out-of-pocket costs incurred by counsel in connection with this action. Dkt. 21 at 5. The attorneys' fees represent approximately 33% of the $38,984 net settlement amount. *See Beckert v. Ronirubinov*, 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) ("[W]hen awarding attorneys' fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement *net* of costs."); *accord Morales*

2

*v. MBG Taverns Inc.*, 2019 WL 13256262, at \*1 (S.D.N.Y. June 24, 2019). The Court finds these fees to be reasonable.

First, courts in this Circuit have approved attorneys' fees of up to 35% of the recovery. *See Uribe v. Presitge Car Care of NY Inc.*, 2023 WL 5917550, at \*1 (S.D.N.Y. Aug. 9, 2023) (approving FLSA settlement where the plaintiff's counsel received 36% of the settlement funds); *Kassman v. KPMG LLP*, 2021 WL 1393296, at \*4 (S.D.N.Y. Apr. 12, 2021) (approving FLSA settlement where the plaintiff's counsel received 35% of the settlement funds).

Second, the attorneys' fees are reasonable when compared to plaintiffs' counsel's incurred fees. Even when the proposed fees do not exceed an excessive percentage of the net settlement amount, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Santos*, 2021 WL 431451, at \*2 (citation omitted). Plaintiffs' counsel submitted "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Wolinsky*, 900 F. Supp. 2d at 336. These records indicate that counsel incurred nearly $17,000 in legal fees with a total of 48.9 attorney and paralegal hours spent on this matter. The Court has reviewed counsel's billing records and, mindful that courts "need not, and indeed should not, become green-eyeshade accountants," does not believe that they reflect excessive work or staffing for a case of this kind and at this stage of the proceedings. *Fisher*, 948 F.3d at 601 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

In addition, counsel's billing rate—between $400 and $500 per hour—is commensurate with the "prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin.*, Ltd., 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012) (approving $400 hourly rate); *Dougherty v. 2With Deli Corp.*, 2023 WL 8432866, at \*2 (S.D.N.Y. Dec. 5, 2023) (approving $500 hourly rate). Plus, the amount requested is less than the amount actually billed by plaintiffs' counsel. *See Perez v. Pearl River Pastry, LLC*, 2022 WL 14757824, at \*3 (S.D.N.Y. Oct. 25, 2022) (approving FLSA settlement where attorney's fees were less than true lodestar amount); *Gervacio v. ARJ Laundry Servs. Inc.*, 2019 WL 330631, at \*3 (S.D.N.Y. Jan. 25, 2019) (same).

3

**CONCLUSION**

Accordingly, the Court approves the settlement and dismisses the FLSA claim with prejudice. The Court will dismiss the case in full once the parties file the stipulation of dismissal attached as Exhibit A to the settlement.

SO ORDERED.

Dated: March 30, 2026
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

4